IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CAROLINE MAYORGA ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>        PLAINTIFF,<br><br>    vs.<br><br>FIRST RESOLUTION INVESTMENT CORPORATION, SHARINN & LIPSHIE, P.C., CHRISTOPHER VOLPE, RONALD LIPSHIE, HARVEY SHARINN, ANGEL PAGE, JOHN DOES #1-10,<br><br>        DEFENDANTS, | Case No.:<br><br>for the miscellaneous action to quash subpoena in the United States District Court for the Western District of New York .<br><br>Case No.: 12-CV-00587-DLI-VVP Currently pending in the United States District Court for the Eastern District of New York. |

---

# MEMORANDUM OF LAW

## IN SUPPORT OF NON-PARTY DUBIN & DUBIN, LLP'S MOTION FOR AN ORDER TO QUASH THE PLAINTIFF'S NON-PARTY SUBPOENA *DUCES TECUM*

Goldberg Segalla LLP
Attorneys for Non-Party Dubin & Dubin, LLP
665 Main Street, Suite 400
Buffalo, New York 14203

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES..............................................................................................ii

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS..................................................................................................1

PROCEDURAL BACKGROUND ......................................................................................1

THE RECORDS SOUGHT BY THE SUBPOENA ...........................................................2

ARGUMENT.......................................................................................................................3

     I.     THE SUBPOENA FAILS TO ALLOW A REASONABLE TIME TO
           COMPLY; REQUIRES DISCLOSURE OF PRIVILEGED OR OTHER
           PROTECTED OR CONFIDENTIAL MATERIALS, AND SUBJECTS D&D
           TO AN UNDUE BURDEN AND EXPENSE. ...............................................3

     II.    THE RECORDS SOUGHT BY THE SUBPOENA ARE IRRELEVANT TO
           THE CLAIMS AT ISSUE IN THE COMPLAINT ....................................8

CONCLUSION...................................................................................................................11

## TABLE OF AUTHORITIES

### Cases

*In Re Biovail Corp. Sec. Lit.*, 247 F.R.D. 72 (S.D.NY 2007) ........................................................9

*Buycks-Roberson v. Citibank Federal Sav. Bank,* 162 FRD 388 (N.D. Ill 1995) ........................10

*Calabrese v. CSC Holdings, Inc.*, 02-CV-5171 (DLI)(JO), 2007 US Dist. Lexis 16059, (E.D. NY 2007) ....................................................................................................................10

*Charles v. Nationwide Mutual Insurance Company, Inc.*, 09 CV 94 (ARR), 2010 US Dist Lexis 143487 (E.D. NY 2010)..................................................................................................10

*Chevron Corp. v. Donziger*, No. 11 CIV0691(LAK); 2012 U.S. Dist. LEXIS 179614 (S.D.N.Y. 2012) ........................................................................................................................2

*Claverack Coop. Ins. Co. v. Nielsen*, 296 A.D.2d 789 (N.Y. App. Div. 3d Dep't 2002) ...............7

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) ................................4, 5

*Corbett v. eHome Credit Corp. d/b/a FHB Funding d/b/a Fundamental Home Borrowing,* No. 10-CV-26(JG)(RLM); 2010 U.S. Dist. LEXIS 77712 (E.D.N.Y. 2010) ..................................5

*Crabtree v. Hayden, Stone, Inc.,* 43 FRD 281 (S.D. NY 1967)......................................................10

*Dziennik v. Sealift, Inc.,* 2006 US Dist Lexis 33011, *3 (E.D. N.Y. 2006) ..............................8, 10

*Flanigan v. Am. Fin. Sys. of Ga,* 72 FRD 563 (M.D. GA 1976).....................................................10

*Hatch v. Reliance Ins. Co.,* 758 F2d 409 (9th Cir. 1985).............................................................10

*Jenkins v. The TJX Companies, Inc.,* CV 10-3753 (ADS) (WDW), 2011 US Dist Lexis 44372 (E.D. NY 2011)........................................................................................................10

*Koch v. Pechota, Jr.,* No. 10 CIV 9152, 2012 U.S. Dist. LEXIS 148153 6 (S.D.N.Y. 2012) ........................................................................................................................4, 8

McCormick on Evid. §185 (6th ed. 2006) ......................................................................................9

*In re Mortgagors of Temple-Inland Mortg. Corp.,* 2001 US Dist Lexis 1918, No. Civ. A. 99-CV-4633 (E.D. PA 2001)..................................................................................................10

*In re Nassau County Grand Jury (Doe Law Firm)*, 4 N.Y.3d 665 (N.Y. 2005)............................7

*Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340 (1978) ..................................................8, 9, 10

*Scanlon v. Life Ins. Co. of North America*, No. C08-0256-JCC; 2008 U.S. Dist. Lexis 108045 (W.D.Wa. 2008) ...............................................................................................8, 9

*Topolewski v. Quorum Health Res., LLC.*, CASE NO. 3:10-1220, 2013 US Dist Lexis 2481 (M.D. TN 2013) ...........................................................................................5, 7

*Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111 (D. Conn. 2005) ...........................5

**Statutes and Regulations**

Fed.R.Civ.P. 23 ...........................................................................................................10, 11

Fed.R.Civ.P. 26(b) ..............................................................................................................8

Fed.R.Civ.P. 26(b)(1) ..........................................................................................................8

Fed.R.Civ.P. 26(b)(2)(C) .....................................................................................................5

Fed.R.Civ.P. 26(c) ............................................................................................................8, 9

Fed.R.Civ.P. 45 Advisory Committee Note of 1991 ...........................................................5, 6

Fed.R.Civ.P. 45(c)(1) .......................................................................................................4, 9

Fed.R.Civ.P. 45(c)(2)(B) .....................................................................................................1

Fed.R.Civ.P. 45(c)(3)(A) ...............................................................................................2, 3, 9

Fed.R.Evid. 401 ..................................................................................................................9

6-26 Moore's Federal Practice - Civil 26.101 ........................................................................9

9-45 Moore's Federal Practice – Civil 45.32 .......................................................................4, 5

9-45 Moore's Federal Practice – Civil 45.50 .......................................................................2, 8

New York's Deceptive Trade Practices Act, N.Y. General Business Law § 349 .....................1, 2

New York Rules of Professional Conduct Rule 1.0(j) .............................................................6

New York's Rules of Professional Conduct Rule 1.6 ...........................................................6, 7

Fair Debt Collection Practices Act, 15 USC 1692 ..................................................................1

Fair Debt Collection Practices Act (15 USC 1692c(b) ........................................................7

Fair Debt Collection Practices Act (15 USC 1692b(2) ........................................................8

Fair Labor Standard Act ........................................................................................10, 11

## PRELIMINARY STATEMENT

Dubin & Dubin LLP (hereinafter D&D) seeks an order quashing a non-party subpoena *duces tecum* (hereinafter the "Subpoena") issued by Plaintiff. Responding to the Subpoena would effectively require D&D, a one-attorney firm, to stop its usual operations for over 500 hours to cull through more than a thousand confidential files of D&D's clients in order to produce documents for the sole purpose of discovering potential class members in a putative class action against parties other than D&D. The time required to conduct the requisite record review would effectively paralyze D&D's practice for approximately three months. It is difficult to imagine a case where a protective order is more justified given the undue burden imposed on a non-party, and where there are alternative and significantly less burdensome means for the Plaintiff to obtain the requested information.

## STATEMENT OF FACTS

The relevant facts of this matter are set forth in the Supporting Affidavit of Troy S. Flascher, Esq., Robert J. Dubin, Esq., of D&D, and the docket in the underlying action pending in the United States District Court for the Eastern District of New York under case number 12-cv-00587-DLI-VVP. As required by Fed. R. Civ. P. 45(c)(2)(B), D&D timely objected to the Subpoena on several grounds as addressed more fully herein.

## PROCEDURAL BACKGROUND

According to the Complaint (Docket No. 1) in the underlying litigation, the defendants attempted to collect a debt from Plaintiff Caroline Mayorga by commencing an action that was time barred. The Complaint alleges two claims: the first alleges that the defendants violated various sections of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 USC 1692 *et seq*; the second alleges that the defendants violated New York's Deceptive Trade Practices

Act, N.Y. General Business Law § 349 *et seq.* Notably, D&D is not a named defendant. The Complaint is sued on behalf of Caroline Mayorga and all others similarly situated. The Complaint names a number of defendants including First Resolution Investment Corporation (hereinafter "FRIC"). Notably, D&D is not a named defendant and never sued Plaintiff Mayorga. The docket and procedural history of this underlying litigation is quite lengthy and will not be fully summarized herein. However, it should be noted that FRIC and others have moved to dismiss the action on subject-matter jurisdictional grounds (Docket No. 59), and to dismiss or stay the litigation as the parties are subject to binding arbitration. (Docket No. 60). The docket reflects that these issues, as well as the class certification, have not been decided.

The Subpoena was served on D&D on or about May 3, 2013, and the records are returnable on May 17, 2013. The Subpoena is issued out of the United States District Court for the Western District of New York, while the underlying litigation is pending in the Eastern District of New York. The present motion to quash is brought in the proper Court. It is well recognized that the Court out of which a subpoena issues is the only Court that may quash the subpoena. Fed. R. Civ. P. 45(c)(3)(A); 9-45 Moore's Federal Practice – Civil 45.50; *see also, Chevron Corp. v. Donziger*, No. 11 CIV0691, 2012 U.S. Dist. Lexis 179614 (S.D.N.Y. 2012). It is also well recognized that where a subpoena is issued out of a Court other than the Court hearing the underlying case, that it is proper to move to quash the subpoena in the issuing Court. *Id.*

### THE RECORDS SOUGHT BY THE SUBPOENA

The Subpoena seeks documents from "February 7, 2009 to the present."

The Subpoena seeks documents concerning accounts where: "[T]he current creditor/debt buyer was First Resolution Investment Corporation;" and where the "[p]utative original creditor

was: a. Chase Bank USA, N.A., FIA Card Services, N.A., Discover Bank, or Citibank USA, NA and the charge off date is more than 2½ years old; or b. Providian and the charge off date is more than 3½ years old."

For the above accounts and time period, the Subpoena seeks documents D&D "sent to any person other than FRIC. Without limitation this includes: 1. Any documents you filed with any Court; 2. Any documents you sent to or received from the putative debtor; 3. Any documents sent to or received from a marshal; 4. Any information subpoenas, restraining notices, garnishments, or documents sent to the bank or employer of any putative debtor; 5. Any documents reflecting an attempt by you to attempt to collect from the putative debtors; and 6. Any document reflecting any communication with the putative debtor or any other person, except for communications made solely to FRIC."

## ARGUMENT

### POINT I

**THE SUBPOENA FAILS TO ALLOW A REASONABLE TIME TO COMPLY; REQUIRES DISCLOSURE OF PRIVILEGED OR OTHER PROTECTED OR CONFIDENTIAL MATERIALS; AND SUBJECTS D&D TO AN UNDUE BURDEN.**

To protect parties or non-parties from potential abuse of the subpoena power, federal district Courts are empowered to grant a motion to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3)(A) requires a Court to quash or modify a subpoena where the subpoena:

    (i)    fails to allow a reasonable time to comply;
    . . .

    (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv)    subjects a person to undue burden.

    . . .

Additionally, Fed. R. Civ. P. 45(c)(1) provides further protection as follows:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing Court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

The facts and scope of the Subpoena compel that it be quashed.

First, complying with the Subpoena imposes an undue burden on D&D, a non-party. D&D is a small solo practitioner firm engaged with representing creditors and collecting debts. Robert J. Dubin, Esq. is the only active attorney in the firm. Mr. Dubin estimates that it would take 500 to 1,000 hours of time to obtain and review the approximately 1,000 FRIC files necessary to respond to the Subpoena. Further, some of the materials sought are archived and/or stored on a computer hard-drive or other such electronic storage medium. Ensuring that any and all such electronically stored materials are located would take additional time and entail a significant expense as an outside computer expert would likely be necessary to conduct the search. Additionally, preparing a privilege log and/or copying the materials would also impose significant and undue costs on D&D.

Whether a subpoena imposes an undue burden is made on a case by case basis and involves a balancing of a number of considerations such as the following:  the need of the party for the discovery sought against the interest of the subpoenaed witness in resisting compliance, the relevance of the discovery sought, the breadth of the request for production, the time period covered, and the particularity with which the subpoena describes the request for production. 9-45 Moore's Federal Practice – Civil 45.32;  *Koch v. Pechota, Jr.*, No. 10 CIV 9152, 2012 U.S. Dist. Lexis 148153 (S.D.N.Y. 2012); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53

(S.D.N.Y. 1996). A subpoena that is overbroad on its face may subject a person to undue burden. See *Topolewski v. Quorum Health Res., LLC.*, No. 3:10-1220, 2013 US Dist Lexis 2481 (M.D. Tenn. 2013) *citing Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49-51 (S.D.N.Y. 1996) ("to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable").

Also among the factors to be considered when assessing whether a subpoena imposes an undue burden is whether the discovery is obtainable from some other source that is more convenient and less burdensome. In *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 FRD 111, 114 (D. Conn. 2005) the Court noted that a subpoena requiring a non-party to review voluminous documents was unduly burdensome, especially because the information appeared to be publically available from more convenient sources. Courts have been especially vigilant in cases involving subpoenas directed to non-parties. In *Corbett v. eHome Credit Corp. d/b/a FHB Funding d/b/a Fundamental Home Borrowing*, No. 10-CV-26, 2010 U.S. Dist. Lexis 77712 (E.D.N.Y. 2010) the Court noted the following: (1) that special weight should be given to the burden on non-parties of producing documents to parties involved in litigation; (2) that the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on a non-party; and (3) that a subpoena that pursues material with little apparent or likely relevance to the subject matter is likely to be quashed as unreasonable even where the burden of compliance would not be onerous, particularly where, the person or entity on whom the demand is made is not a party to the action. *See* also Fed. R. Civ. P. 26(b)(2)(C), and 9-45 Moore's Federal Practice – Civil 45.32 (*citing* Fed. R. Civ. P. 45 Advisory Committee

Note of 1991: "A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the Court.").

In the present matter, the first category of documents sought is "[a]ny documents you filed with any Court." Counsel for the Plaintiff can obtain any such records directly and without any involvement by D&D by simply searching PACER or other such services and/or by requesting records from the clerk's office for any particular court. Presumably, such a search would also allow the Plaintiff to identify any other potential putative class members. For this reason alone the Subpoena should be quashed. Thus subpoena should also be quashed because it would require D&D, a non-party, to spend an estimated 500 to 1,000 hours searching and reviewing privileged and confidential files. This burden is particularly onerous as the records are irrelevant to the claims of Plaintiff Mayorga. See Point II *infra*.

Second, the Subpoena was served on May 3, 2013, leaving D&D just two weeks and until May 17, 2013, to produce the requested materials. This is far too short a time frame given the foregoing.

Third, the Subpoena seeks materials that are privileged and/or that D&D has a duty to keep confidential. Rule 1.6 of New York's Rules of Professional Conduct concerns "Confidentiality of Information" and provides as follows in relevant part:

> (a) A lawyer shall not knowingly reveal confidential information, as defined in this Rule, . . . . unless: (1) the client gives informed consent, as defined in Rule 1.0(j); (2) the disclosure is impliedly authorized to advance the best interests of the client and is either reasonable under the circumstances or customary in the professional community; or (3) the disclosure is permitted by paragraph (b). "Confidential information" consists of information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential.

While D&D is not a named defendant in the above litigation, FRIC, a longstanding and current collection client of D&D, is so named. FRIC has directed D&D not to waive any attorney-client privileges or confidences. Among other concerns, FRIC has also requested that D&D not disclose any names, addresses, social security numbers, account numbers, or other identifying information or materials regarding debtors in response to the Subpoena. (A review of Exhibits 1 and 2 annexed to the Subpoena makes it appear that FRIC has also refused to disclose any such information.)

The Subpoena seeks documents "sent to any person other than FRIC" and "[a]ny document reflecting any communication with the putative debtor or any other person, except for communications made solely to FRIC." The very act of responding to the Subpoena itself would violate the non-disclosure of client confidences protected by Rule 1.6 of New York's Rules of Professional Conduct. The scope of the materials sought would also, apparently, include documents exchanged between counsel and/or liability insurers. These items are privileged and not subject to disclosure. *In re Nassau County Grand Jury (Doe Law Firm)*, 4 N.Y.3d 665, 678 (N.Y. 2005)(The attorney-client privilege protects confidential communications between a lawyer and client relating to legal advice sought by the client.); *Claverack Coop. Ins. Co. v. Nielsen*, 296 A.D.2d 789 (N.Y. App. Div. 3d Dep't 2002)(Reports filed by a defendant with his or her own liability insurance carrier are generally immune from disclosure.). Notably, a privilege log is not required in the face of a subpoena that is overbroad and unduly burdensome. *Topolewski,* 2013 US Dist Lexis 2481, 10. Simply searching the files at issue so as to identify any such protected communications and materials would impose an undue burden. Also problematic is that simply responding to the Subpoena could be construed to be a violation of various sections of the FDCPA (15 USC 1692c(b) prohibits third-party communication about a

debt, and 15 USC 1692b(2) prohibits certain statements alleging that a debt is owed), which could result in a claim by each and every debtor associated with records sought by the Subpoena. Notably, the March 25, 2013, correspondence from Manuel H. Newburger, Esq., to Magistrate Judge Pohorelsky (annexed as Exhibit B to the Affidavit of Robert J. Dubin, Esq.) alleges that counsel for the Plaintiff has already engaged in a willful disregard of the Court's redaction rules concerning addresses and account numbers.

POINT II

### THE RECORDS SOUGHT BY THE SUBPOENA ARE IRRELEVANT TO THE CLAIMS AT ISSUE IN THE COMPLAINT.

A motion to quash a discovery subpoena is judged under the same standard as a motion for a protective order under Fed. R. Civ. P. 26(c).  9-45 Moore's Federal Practice – Civil 45.50. While the scope of discovery under the Federal Rules of Civil Procedure is extremely broad, it is not unlimited. Fed. R. Civ. P. 26(b)(1).  Discovery like all matters of procedure has ultimate and necessary boundaries. *Dziennik v. Sealift, Inc.,* No. 05-CV-4659 (DLI) (MDG), 2006 US Dist Lexis 33011, 3 (E.D.N.Y. 2006) *citing Oppenheimer Fund, Inc. v. Sanders.* 437 US 430, 351 (1978).  The 2000 amendments to Rule 26(b) created a two-tier discovery process. The first category permits discovery regarding any unprivileged matter relevant to "any party's claim or defense." Under the second and broader category of discovery, the Court, for good cause, may order discovery of any matter relevant to the "subject matter involved in the action." The burden is on the party seeking any such expanded scope of discovery to seek Court intervention.

The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims, or a fact of consequence, at issue in the litigation. *Koch v. Pechota, Jr.,* No. 10 CIV 9152, 2012 U.S. Dist. Lexis 148153, 6 (S.D.N.Y. 2012). *Scanlon v. Life Ins. Co. of North America,* No. C08-0256, 2008 U.S. Dist. Lexis 108045, 10

8

(W.D. Wa. 2008)(citing McCormick on Evid. § 185 (6th ed. 2006)).  Evidence is considered to have probative value if its existence makes it either more or less likely that a disputed fact is true or false. *Id.* (*citing* Fed. R. Evid. 401).  Here, the Subpoena does not pass this standard. Notably, as D&D never sued Plaintiff Mayorga, the records in D&D's files would be irrelevant to the claims of the Plaintiff.

To temper the liberal scope of discovery, Rule 26(c) empowers a district Court to issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, if there is good cause for issuance of the order. 6-26 Moore's Federal Practice - Civil 26.101.  Similarly Fed. R. Civ. P. 45(c)(3)(A) requires a Court to quash or modify a subpoena where the subpoena imposes an undue burden.  Fed. R. Civ. P. 45(c)(1) also imposes a duty upon the attorney invoking the subpoena power of the federal court not to impose an "undue burden or expense" on any person subject to the subpoena.  When this provision is violated the rule provides that the Court is to impose an appropriate sanction on the party or attorney responsible for the violation.

In the present matter, it appears that the purpose of the Subpoena is to identify clients and not facts of consequence.  Where the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, such discovery is properly denied. *In Re Biovail Corp. Sec. Lit.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007)(referencing, *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)). In *Oppenheimer* the U.S. Supreme Court held that the production of class members' names was not "within the scope of legitimate discovery." *Id.* *citing* 437 U.S. at 354.  Although, the Court did not hold that class members' names and addresses could never be obtained under the discovery rules. *Id.*

9

Since *Oppenheimer* many Courts have generally refused to allow discovery of class members' identities at the pre-certification stage. The concern is that the motivation for the discovery is to generate and identify new clients rather than to establish the appropriateness of certification, or facts of consequence in the litigation. See *Dziennik v. Sealift, Inc., 05-CV-4659*, 2006 US Dist Lexis 33011, 3-4 (E.D. NY 2006) (*citing Hatch v. Reliance Ins. Co.,* 758 F2d 409, 416 (9th Cir. 1985)(affirming denial of motion to produce names of similarly situated investors); *In re Mortgagors of Temple-Inland Mortg. Corp.,* No. Civ. A. 99-CV-4633, 2001 US Dist Lexis 1918, 2 (E.D. PA 2001); *Buycks-Roberson v. Citibank Federal Sav. Bank,* 162 FRD 388, 342 (N.D. Ill. 1995)(in redlining action against bank, plaintiffs were not entitled to loan files without redacted addresses where loan applicant's names were also redacted); *Flanigan v. Am. Fin. Sys. of Ga,* 72 FRD 563, 563 (M.D. Ga. 1976)("Rule 23 should not be used as a device to enable client solicitation"); *Crabtree v. Hayden, Stone, Inc.,* 43 FRD 281, 283 (S.D.N.Y. 1967)("the purpose of the pre-trial discovery rules . . . is to enable the parties to prepare for trial with respect to their own bona fide existing claims, not to determine whether third parties may have similar claims").

In the following three cases: *Calabrese v. CSC Holdings, Inc.*, No. 02-CV-5171, 2007 US Dist. Lexis 16059, 21-22 & n. 7 (E.D.N.Y. 2007), *Charles v. Nationwide Mutual Insurance Company, Inc.*, No. 09 CV 94, 2010 US Dist Lexis 143487 (E.D.N.Y. 2010), and *Jenkins v. The TJX Companies, Inc.,* No. CV 10-3753, 2011 US Dist Lexis 44372 (E.D.N.Y. 2011), the Court held that discovery of class members' identities should not be had at the precertification stage of a class action. In *Charles,* 2010 US Dist Lexis 143487, the plaintiff brought both a Rule 23 claim under state law and a Fair Labor Standard Act (hereinafter "FLSA") claim, and sought to compel production of putative class member contact information at the pre-certification stage of

the litigation.  The Court analyzed the discovery sought under both the FLSA and Rule 23 standards.  As to the Rule 23 claim, the Court followed the "prevailing view" and held that while the discovery of contact information could be relevant under certain circumstances, that the plaintiff's request was premature at the precertification stage of the litigation.  The Court went on to note that the "plaintiff has failed to articulate a sufficient basis upon which the discovery is necessary at this time," and further noted that the plaintiff could collect sufficient evidence through properly drafted discovery requests.  *Id.* at 23-24 & n. 9.

The Subpoena similarly seeks information that is wholly irrelevant to the claims or defenses in the Mayorga litigation.  First, D&D never sued Ms. Mayorga.  Second, the class in Mayorga has not been certified.  Thus, the only possible basis to seek the names, addresses, and records sought in the Subpoena is to identify potential new clients.  The Court should not allow its subpoena power to be used to impose such a great burden for such little in return.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that this Honorable Court issue an order quashing the Subpoena and relieving D&D of any and all obligation to respond thereto, together with such other or further relief as the Court deems just and proper.

Dated: Buffalo, New York
      May 16, 2013

Respectfully submitted,

By: _____
    Troy S. Flascher, Esq.
    Christopher Bopst, Esq.
    GOLDBERG SEGALLA LLP
    *Attorneys for Dubin & Dubin LLP*
    665 Main Street, Suite 400
    Buffalo NY 14203
    Phone: (716) 566-5400
    cbopst@goldbergsegalla.com
    tflascher@goldbergsegalla.com

11