UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DUBIN & DUBIN LLP,

                        Plaintiff,

            v.

CAROLINE MAYORGA, on behalf of herself
  and all others similarly situated,

                        Defendant.

**REPORT AND RECOMMENDATION**
13-MC-21S

---

## I.    INTRODUCTION

Chief Judge Skretny referred this miscellaneous civil case to this Court under 28 U.S.C. § 636(b)(1)(A). Pending before the Court is a motion (Dkt. No. 2) by plaintiff Dubin & Dubin LLP ("Dubin") to quash a document subpoena that Caroline Mayorga ("Mayorga") served on it under Rule 45 of the Federal Rules of Civil Procedure ("FRCP"). Although termed a "plaintiff" for purposes of this case, Dubin really is a non-party law firm located in this District; it has become a subject of discovery proceedings in a case pending before the Hon. Dora Lizette Irizarry in the United States District Court for the Eastern District of New York. *See Mayorga v. First Resolution Inv. Corp.*, No. 12-CV-587 (E.D.N.Y.) (the "Main Case"). Mayorga is the plaintiff in the Main Case and wants Dubin to give her the names and contact information for anyone it sued in debt collection proceedings

on behalf of First Resolution Investment Corporation ("FRIC"). Mayorga wants the information to recruit members of a class for the class certification that she contemplates seeking later. Dubin opposes producing the information because pre-certification discovery is not appropriate solely to recruit class members; because production may violate attorney-client privilege as well as the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p; and because producing the information listed in the subpoena would prove unduly burdensome, given that Dubin is a solo practice.

The Court held oral argument on June 24, 2013. For the reasons below, the Court respectfully recommends[1] granting the motion, and thus closing the case, but without prejudice to renewal of the subpoena if class certification occurs in the Main Case.

---

[1] The somewhat unusual procedural posture of this case warrants a brief comment. Chief Judge Skretny referred this case using a standard referral order (Dkt. No. 6) that does not confer jurisdiction to hear dispositive motions. "A motion to quash a subpoena in an action seeking relief other than production of the subpoenaed information is not normally a dispositive motion." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). This case, however, is a single-issue miscellaneous matter that will terminate upon resolution of the otherwise non-dispositive motion to quash. Out of caution and to ensure that the parties have one more chance to be heard before termination of the case, the Court has decided to present its findings as a Report and Recommendation. *Cf. In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. MISC 08–347(ARR)(MDG), 2010 WL 2219343, at *1 n.1 (E.D.N.Y. Feb. 5, 2010) (taking the same approach).

## II. BACKGROUND

This case is an offshoot of the Main Case, in which Mayorga accuses FRIC and others of litigating time-barred debt in violation of the FDCPA and N.Y. General Business Law § 349.[2] Briefly, Mayorga had a credit card through Chase Bank USA and accumulated a debt on that card of $1,444.35 as of July 6, 2005, the date of the last payment. The charge-off date was February 28, 2006. FRIC sued Mayorga in Queens County Civil Court over three years later, on July 8, 2009. Invoking N.Y. CPLR 202, Mayorga claims in the Main Case that FRIC knew that the applicable limitations period had run but brought suit anyway and lied to the state court about that issue. FRIC, through attorneys who also are defendants in the Main Case, eventually agreed to a stipulation of discontinuance. The docket for the Main Case indicates that proceedings there have taken a contentious tone, with at least five motions to compel filed by Mayorga and cross-accusations about Mayorga's attorney's litigation tactics and FRIC's unwillingness to respond to discovery requests. In addition to the pending motion to amend the complaint, all defendants in the Main Case have motions to dismiss currently pending. Additionally, a non-party law firm other than Dubin appears to have its own motion pending (Main Case Dkt. No. 80) to quash a subpoena that Mayorga served on it.

---

[2] Mayorga also has a motion pending in the Main Case to amend the complaint to add an additional count of violating N.Y. Judiciary Law § 487 by lying to state courts about the timeliness of the debt in question.

Mayorga's attempts to certify a class in the Main Case eventually led to the pending motion to quash in this case. Within two weeks of filing the complaint in the Main Case, and before serving it, Mayorga filed a motion for class certification. As justification for filing a class certification motion so early, Mayorga argued that "[d]ue to a recent Seventh Circuit decision holding that a putative class action may be mooted by a defendant's offer, before any motion for class certification, of plaintiff's full request for relief, Plaintiff is compelled to file this Motion for Class Certification at the outset of the filing of this lawsuit and before serving the summons and complaint. This filing is necessary to preserve the rights of Plaintiff and of the proposed classes." (Main Case Dkt. No. 4-1 at 1–2.) The next day, Judge Irizarry struck the motion for class certification with a Text Order that read in part, "The court finds plaintiff's reasons set forth in his Exhibit 6 for filing this motion to certify the class and, at the same time for a stay, absurd. Plaintiff concedes that plaintiff has not served defendants and that defendants have not entered the case. To begin with, the motion is exceptionally premature under those circumstances. Secondly, it is unconscionable for plaintiff to make a motion for class certification simply to avoid plaintiff's recovery from defendant. The court takes a dim view of this practice." (Main Case Text Order Feb. 21, 2012.) Since then, the parties have held pre-certification proceedings supervised by Magistrate Judge Viktor Pohorelsky. Although no certification motion is pending or has been granted, Mayorga has proceeded to serve subpoenas on law firms that litigated against debtors for FRIC. Mayorga served

one of these subpoenas on Dubin. (Dkt. No. 4.) The subpoena sets a time period of February 7, 2009 to the present and requests six categories of documents that Dubin may have sent "to any person other than FRIC." (*Id.* at 10.) The categories consist of any documents filed with any court; any documents sent to or received from putative debtors; any documents sent to or received from a marshal; any information subpoenas, restraining notices, garnishments, or documents sent to the bank or employer of any putative debtor; any documents reflecting an attempt to collect from putative debtors; and any documents reflecting any communication with a putative debtor or any other person except for communications made solely to FRIC. (*Id.*)

Dubin commenced this case and filed the pending motion to quash in response to Mayorga's subpoena. Dubin argues that it is a solo practice with only two part-time clerical staffers and cannot review the documents encompassed by the subpoena within the two weeks that the subpoena provides. Dubin maintains that the subpoena as written implicates 1,000 client files or more and would require 500 to 1,000 hours of time to screen those files for privileged documents. Accomplishing the task in less time is not possible because Dubin's electronic filing system can search only by debtor name and not client name. Privilege leads to Dubin's next argument, that many of the documents covered by the subpoena contain privileged attorney-client communications that Dubin has an obligation to protect. Dubin argues further that many of the documents that Mayorga seeks are public records that Mayorga can obtain from various court

5

clerk offices without having to impose on it.  Finally, Dubin argues that the documents are irrelevant to assessing the merits of class certification and that Mayorga wants them simply to recruit class members.  According to Dubin, discovery that has the sole purpose of recruiting class members is not appropriate prior to class certification.

Mayorga opposes the motion as an indirect attempt by FRIC, through one of its attorneys, to continue obstructing discovery the way it allegedly has done so in the Main Case.  According to Mayorga, FRIC has refused to admit the size of the two classes that she envisions and has refused to produce information in a way that would allow her to determine who falls within those classes.  Mayorga argues that the subpoena is narrowly tailored because it has a definite time period and limits itself essentially to litigation documents.  Mayorga downplays Dubin's complaints about time demands by discounting its descriptions about its electronic filing system and by comparing Dubin to another law firm served with a subpoena; that firm supposedly produced a spreadsheet listing its FRIC files within a few hours.  Mayorga argues against Dubin's privilege argument by noting that the ethical rules that Dubin cites permit disclosure of confidential information when necessary to comply with a court order; if this Court upheld the subpoena, Mayorga argues, then Dubin could comply with the subpoena and this Court's order without concern about ethical violations.  As for relevance, Mayorga states explicitly that it wants names, addresses, and contact information to give it "the ability to contact the putative class members." (Dkt. No. 9 at 3.)  Mayorga states

6

further that the documents covered by the subpoena "will permit Plaintiff to determine who falls within or without the class for the purposes of class certification and to then further prosecute this case." (*Id.* at 4.)

## III. DISCUSSION

The general standard for quashing or modifying a subpoena is straightforward. "On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FRCP 45(c)(3)(A). With respect to the attorney-client privilege, "the communication from attorney to client must be made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship. The communication itself must be primarily or predominantly of a legal character. The critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client." *Allied Irish Banks, P.L.C. v. Bank of Am.*, 252 F.R.D. 163, 168 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). As for relevance and burden, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." *Libaire v. Kaplan*,

7

760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (editorial marks, internal quotation marks, and citations omitted).

Although the parties have raised a number of issues regarding the subpoena, the issue of acquiring names and contact information prior to class certification draws the Court's immediate attention. Without citing to any authority for this particular point but perhaps hinting at the general discovery provisions of FRCP 26, Mayorga does not hesitate to assert that contacting potential class members to recruit them is permissible as a discovery tool while preparing for a class certification motion. "The difficulty is that [Mayorga does] not seek this information for any bearing that it might have on issues in the case . . . . [Mayorga] argued to the District Court that [she] desired this information to enable [her] to send the class notice, and not for any other purpose. Taking [her] at [her] word, it would appear that [Mayorga's] request is not within the scope of Rule 26 (b)(1)." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352–53 (1978) (citation omitted); *see also Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07–61873–CIV, 2008 WL 5381815, at *3 (S. D. Fla. Dec. 19, 2008) ("While discovery regarding information necessary to address class certification requirements under Rule 23 . . . falls within the realm of permissible discovery, the Supreme Court has rejected pre-class certification discovery of identifying information of potential class members when such information is sought merely for the purpose of identifying such individuals for notice of a class action, as opposed to for reasons of discovering information relevant to the subject matter involved in the pending

8

action.") (citing *Oppenheimer*) (internal quotation marks and other citations omitted); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. CIV 06-4073, 2007 WL 404703, at *3–4 (D.S.D. Feb. 1, 2007) ("The name, current address, current telephone number, franchise address, and franchise telephone number for each franchisee that has ever operated under the same or essentially similar franchise agreement is not helpful or necessary to establish or decide certification of the class. No cases have been supplied which support pre-certification discovery of identification, telephone, and address information for potential class members. On the other hand after certification, as it relates to notification of members of the class, this category of information is discoverable.") (citing *Oppenheimer*). The Supreme Court in *Oppenheimer* went on to set parameters for permissible notice anyway, but only under FRCP 23(d), which applied because the district court in that case already granted class certification; the remaining question was how to notify potential class members that a class now existed.

In contrast, several factors in this case and the Main Case distinguish them from *Oppenheimer* and weigh in favor of quashing the subpoena at this time. Mayorga not only has yet to receive class certification in the Main Case but also has yet to request it—putting aside the striking of the certification motion at the very start of the case. "Class certification discovery often will commence after the filing of a motion for class certification, which usually will include one or more affidavits submitted by the putative representatives to demonstrate their ability to adequately represent the interests of absent class members." 1 McLaughlin on

9

Class Actions § 3:7 (9th ed. and Supp. 2012).  Additionally, the Main Case awaits resolution of motions to dismiss and a similar motion to quash from a law firm that received a similar subpoena.  Prudence and a respect for a sister court warrant waiting to see the results of those pending motions.  If the motions to dismiss are granted then subpoenas no longer will be necessary.  The outcome of the motion to quash in the Main Case will provide guidance here as to how Judge Irizarry and Magistrate Judge Pohorelsky prefer to let Mayorga conduct discovery and establish her class, assuming that class certification happens at some point.  If the Main Case survives the motions to dismiss and receives class certification then Mayorga should have leave to serve a new subpoena on Dubin and to revisit Dubin's concerns accordingly.

As for the other issues that the parties have raised, the Court recommends that assessing them is unnecessary given the holding of *Oppenheimer*.  The Court will, however, revisit those issues as needed based on whatever final action Chief Judge Skretny chooses to take.

## IV. CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends granting Dubin's motion to quash (Dkt. No. 2) but without prejudice to renewal of the subpoena if class certification occurs in the Main Case.

As explained above, because this case is a miscellaneous civil case opened solely to address Mayorga's subpoena, the Court also recommends closing the case upon adoption of this Report and Recommendation.

10

## V. OBJECTIONS

A copy of this Report and Recommendation will be sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); FRCP 72. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

          */s Hugh B. Scott*
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: June 25, 2013